DA 12-0389

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 63

STATE OF MONTANA,

      Plaintiff and Appellant,

v.

DOMINIC PAUL DRISCOLL,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Fifth Judicial District,
In and For the County of Beaverhead, Cause No. DC-12-3461
Honorable Loren Tucker, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          James P. Dolan, Dillon City Attorney, Dillon, Montana

      For Appellee:

          J. Blaine Anderson, Jr., Attorney at Law, Dillon, Montana

Submitted on Briefs:  January 9, 2013
Decided: March 12, 2013

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1     The State appeals the order of the Fifth Judicial District, Beaverhead County, that suppressed statements made by Appellee Dominic Paul Driscoll (Driscoll) to two police officers.  We affirm.

¶2     The State presents the following issues on appeal:

¶3     *Whether the officers possessed particularized suspicion to question Driscoll?*

¶4     *Whether the officers violated Driscoll's right against self-incrimination?*

## PROCEDURAL AND FACTUAL BACKGROUND

¶5     Assistant Chief Don Guiberson and Officer Brad Rose of the Dillon Police Department observed Driscoll holding a beer can in a bar during a routine sweep during the annual Labor Day rodeo weekend in Dillon, Montana.  The officers believed, based on Driscoll's appearance, that Driscoll was younger than 21 years old.  Officer Rose approached Driscoll to ask how old he was.  Driscoll responded that he was 22 years old.  Officer Rose asked Driscoll for identification to verify Driscoll's age.  Driscoll refused.  Officer Rose told Driscoll to accompany the officers outside.

¶6     Driscoll accompanied the officers outside.  Officer Rose asked Driscoll for his full name and his birthdate.  Driscoll provided Officer Rose a false first name and a false birthdate.  Officer Rose asked dispatch to verify this information.  Dispatch responded that there was no return on that name and date of birth.  Officer Rose placed Driscoll under arrest.  Driscoll eventually admitted that his true first name was Dominic.  Officer Rose found a

2

driver's license, through a name-search of the database, which matched Dominic Driscoll. The birthdate on the driver's license confirmed that Driscoll was under 21 years old.

¶7 The State charged Driscoll with minor in possession, in violation of § 45-5-624(1), MCA, and obstructing a peace officer, in violation of § 45-7-302, MCA. Driscoll moved to suppress his statements to the officers and to dismiss the charges. Driscoll first claimed that the officers lacked particularized suspicion to question him. Driscoll next claimed that the officers' request for his name, date of birth, and identification had violated his federal and state constitutional right against self-incrimination.

¶8 The City Court granted Driscoll's motion to suppress. The City Court also granted Driscoll's motion to dismiss. The State appealed. The District Court affirmed Driscoll's motion to suppress after determining that the officers had violated Driscoll's right against self-incrimination. The District Court denied, however, Driscoll's motion to dismiss. The District Court determined that it was the role of the State, not the court, to decide whether to proceed with the prosecution. The State appeals.

## STANDARD OF REVIEW

¶9 We engage in a twofold review of a district court's motion to suppress. We initially review the court's findings of fact to determine whether they are clearly erroneous. We conduct a plenary review of the conclusions of law to determine whether the district court correctly interpreted the law. *State v. Jones*, 2006 MT 209, ¶ 17, 333 Mont. 294, 142 P.3d 851. The parties have stipulated to the facts. We review therefore only the District Court's conclusions of law.

3

¶10 *Whether the officers possessed particularized suspicion to question Driscoll?*

¶11 Section 46-5-401(1), MCA, provides that when an officer has particularized suspicion that a person has committed, is committing, or is about to commit an offense, the officer may stop that person. The officer may lawfully request the person's name and present address and an explanation of the person's actions. Section 46-5-401(2), MCA.

¶12 The District Court determined that the officers possessed particularized suspicion to question Driscoll. The officers saw Driscoll holding a beer can. Driscoll appeared younger than age 21. The State argues that these facts informed the officers with sufficient particularized suspicion to approach Driscoll and ask his age. We agree.

¶13 The existence of a particularized suspicion depends on the totality of the circumstances. *State v. Fisher*, 2002 MT 335, ¶ 12, 313 Mont. 274, 60 P.3d 1004. The totality of the circumstances includes objective observations and consideration of the modes or patterns of operation of certain kinds of lawbreakers. *Fisher*, ¶ 12.

¶14 We next address whether the officers improperly expanded their investigation by taking Driscoll outside. Section 46-5-401(2)(a), MCA, authorizes the officers to have asked Driscoll for his name, address, and an explanation for Driscoll's actions. The officers approached Driscoll and asked for his age and an ID, rather than for his name, address, or an explanation for his actions. Driscoll informed the officers that he was 22. Driscoll declined to provide the officers with an ID. The officers never asked Driscoll for his address or an explanation for his actions. The officers failed to articulate any reason in their report for

4

continuing their questioning of Driscoll after he responded that he was 22. The officers simply described Driscoll as acting "defensively."

¶15 Without additional articulable facts that led the officers to believe that Driscoll was underage, the officers should not have taken Driscoll outside. The officers could have pursued their investigation through other means. The officers exceeded the scope of their investigation, however, by taking Driscoll outside the bar without additional articulable facts. We need not consider whether the officers violated Driscoll's right against self-incrimination because we have determined that the officers exceeded the scope of § 46-5-401, MCA.

¶16 We also affirm the District Court's denial of Driscoll's motion to dismiss. We agree that the State, rather than a court, should assess whether sufficient evidence exists to continue the prosecution.

¶17 Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ JIM RICE